**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| NAVAJO NATION, movant, a domestic sovereign nation,<br><br>        Plaintiff,<br><br>vs.<br><br>KRYSTAL ENERGY CO., INC.,<br><br>        Defendant. | No. CV 08-178-PHX-MHM<br><br>**ORDER** |

Currently pending before the Court is Movant Navajo Nation's ("Navajo Nation") motion for leave to appeal from an order of the Bankruptcy Court for the District of Arizona granting Krystal Energy Company's ("Krystal") partial motion for summary judgment. (Dkt. #2). After reviewing the pleadings, the Court issues the following order.

**I.    BACKGROUND**

On January 5, 2001, Krystal filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Arizona. (Dkt. #7, p.2; Dkt. #13, p.2). On March 5, 2001, Krystal filed an adversary proceeding against the Navajo Nation, seeking (1) a turnover of assets under 11 U.S.C. § 542(a); (2) a determination of tax due to the Navajo Nation under 11 U.S.C. § 505; and (3) damages arising out of the seizure of Krystal's

1 assets by the Navajo Nation. (Id.). The Navajo Nation filed a motion to dismiss the
2 adversary complaint; the Bankruptcy Court granted the motion on September 28, 2001,
3 and this Court subsequently upheld that ruling on September 30, 2002. (Dkt. #11, 2:01-
4 cv-1970-MHM). Krystal appealed the Court's order to the Ninth Circuit, during which
5 time the bankruptcy administrative case was dismissed. (Dkt. #7, p.2; Dkt. #13, p.2).
6 However, the "Stipulated Order Dismissing Case Effective February 14, 2003 and
7 Reserving Jurisdiction over Adversary Proceeding" reserved exclusive jurisdiction over
8 the adversary proceeding in order to allow appeal to the Ninth Circuit. (Dkt. #7, p.2).
9       The Ninth Circuit reversed this Court's September 30, 2002 order and held that
10 Congress had abrogated the sovereign immunity of Indian tribes under 11 § U.S.C.
11 106(a). (Id.). As a result, on August 2, 2004, this Court reversed the Bankruptcy Court's
12 September 28, 2001 order dismissing Krystal's adversary complaint against the Navajo
13 Nation and remanded the case to the Bankruptcy Court for further proceedings. (Dkt.
14 #15, Case 2:01-CV-1971-MHM).
15       Krystal filed an amended complaint in the Bankruptcy Court on July 25, 2006
16 (Dkt. #13, p.2) and a second amended complaint on December 7, 2006. (Dkt. #7, p.3).
17 The second amended complaint added five new counts: (1) breach of contract; (2) unjust
18 enrichment / estoppel; (3) violation of due process; (4) violation of automatic stay; and
19 (5) injunctive relief. (Dkt. #7, p.3; Dkt. #13, pp.2-3). On March 5, 2007, the Navajo
20 Nation filed a motion to dismiss, which the Bankruptcy Court granted in part on May 23,
21 2007, dismissing Krystal's claims of breach of contract, unjust enrichment / estoppel, and
22 violation of due process. (Id.). Then, on January 15, 2008, the Bankruptcy Court granted
23 Krystal's motion for partial summary judgment on Krystal's claim for a turnover of assets
24 under 11 U.S.C. § 542, ordering the Navajo Nation to turn over all of Krystal's property
25 and provide an accounting for the property taken. (Dkt. #7, p.4; Dkt. #13, p.3). The
26 Navajo Nation filed the instant motion for leave to appeal on January 15, 2008. (Dkt. #2).
27 Krystal objects to the instant motion. (Dkt. #7).
28

## II.   INTERLOCUTORY APPEAL

This is an interlocutory appeal under 28 U.S.C. § 158(a).  The Bankruptcy Court granted Krystal's motion for partial summary judgment, ordering the Navajo Nation to turn over all of Krystal's property in its possession and to provide an accounting for the property that had been taken from the well sites.  (Dkt. #7, p.4).  In addition, the Bankruptcy Court ordered that "[Krystal] is entitled to judgment against [the Navajo Nation] for the value of the property removed from the well sites, and judgment will be entered accordingly."  (Dkt. #7, pp. 4-5).  Three counts remain pending before the Bankruptcy Court – (1) violation of automatic stay under 11 U.S.C. § 362(a); (2) tax determination under 11 U.S.C. § 505; and (3) injunctive relief.

The Navajo Nation presents four issues on appeal: (1) whether the Bankruptcy Court erroneously determined whether Krystal's property was in the possession, custody or control of the Navajo Nation under 11 U.S.C. § 542(a); (2) whether the Bankruptcy Court erroneously determined that Krystal possessed a legal or equitable interest in the property to be turned over and accounted for; (3) whether the Bankruptcy Court had jurisdiction at the time Krystal's amended complaints were filed in the absence of an underlying administrative bankruptcy case; and (4) whether the United States is a necessary and indispensable party under Rule 19(a)&(b) of the Federal Rules of Civil Procedure.  (Dkt. #13, pp. 3-4).  The Navajo Nation seeks dismissal of the adversary claims brought by Krystal.  (Dkt. #4, p.2).

A district court may hear appeals from "final judgments, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges."  28 U.S.C. § 158(a).  "A bankruptcy court order is final and thus appealable 'where it 1) resolves and seriously affects substantive rights and 2) finally determines the discrete issue to which it is addressed.'"  In re Lewis, 113 F.3d 1040, 1043 (9th Cir. 1997) (citing In re Frontier Properties, Inc., 979 F.2d 1358, 1363 (9th Cir. 1992)).  "[A]n order that determines liability, but not damages, generally does not seriously affect substantive rights because the parties 'must engage in protracted litigation before the . . . order will

1 have any direct impact in the case.'"  Mosier v. United Educ. & Software, 285 B.R. 442,
2 445 (C.D. Cal. 2002) (citing Elliott v. Four Seasons Props., 979 F.2d 1358, 1362-63 (9th
3 Cir.1992)).  In addition, "[a]n order does not conclusively resolve an issue if later pending
4 proceedings could effectively reverse the order appealed."  Id.

5       The Navajo Nation states that the Bankruptcy Court's order forces it to incur
6 expenses by requiring it to hold a property valuation hearing and retain valuation experts,
7 remove and deliver oil production equipment from its land, and pay for equipment that it
8 never controlled or possessed.  (Dkt. #13, p.4).  As such, the Navajo Nation contends that
9 an interlocutory appeal is warranted because the issues raised on appeal involve
10 controlling questions of law, promote judicial economy, and "potentially hasten the
11 ultimate termination of the litigation."  (Id.).  On the other hand, in its objection, Krystal
12 argues that the Court should deny the Navajo Nation's motion for leave to appeal because
13 the Bankruptcy Court did not enter final judgment and thus appeal is premature.  (Dkt. #7,
14 p.14).  In addition, Krystal argues that the Navajo Nation will not suffer irreparable injury
15 if the Court denies the Navajo Nation's motion for leave to appeal.  (Dkt. #7, p.15).

16       The Bankruptcy Court's order granting Krystal's motion for partial summary
17 judgment entered a final judgment as to Krystal's claim for turnover of property.  The
18 order requires the Navajo Nation to turn over all of Krystal's property and account for
19 any of Krystal's property that was taken from the well sites.  (Dkt. #7, p.4).  The order
20 further states that Krystal is entitled to judgment against the Navajo Nation for the value
21 of the property that was removed from the well sites, and that judgment will be entered
22 accordingly.  Krystal apparently contends that the appeal is premature because the
23 Bankruptcy Court has not yet actually entered judgment for a specific amount as to
24 Krystal's property that was taken from the well sites.  (Dkt. #7, p.5).  However, the fact
25 that a specific amount has not yet been entered does not effect the finality of the
26 Bankruptcy Court's order.  The Bankruptcy Court specifically stated that Krystal is
27 entitled to judgment against the Navajo Nation for the value of its property that was
28 removed from the well sites.  (Dkt. #7, pp. 4-5).  As such, although the specific amount

owed to Krystal for any removed property that is not returned remains unclear, the order conclusively resolves the issue at hand because later pending proceedings, such as the determination of the exact value owed to Krystal for its unreturned property, would not effectively reverse the order appealed.  The Bankruptcy Court's order finally determined Krystal's claim for turnover of property.

In addition, Krystal's claim of turnover of property appears to be a discrete issue. There is no indication that the claim at issue is related to the three remaining counts pending before the Bankruptcy Court – (1) violation of automatic stay under 11 U.S.C. § 362(a); (2) tax determination under 11 U.S.C. § 505; and (3) injunctive relief.  As such, the Bankruptcy Court's order finally determined the discrete issue to which it addressed, i.e., the issue of Krystal's claim of turnover of property.

Moreover, an order requiring the turnover and accounting of property (and payment of any unreturned property), like an order requiring disgorgement, resolves and seriously affects substantive rights.  See Mosier, 285 B.R. at 445 (holding that orders requiring disgorgement resolve and seriously affect substantive rights).  The Bankruptcy Court's order did not merely determine liability, but damages as well, ordering that Plaintiff is entitled to the immediate return of its property, as well as judgement for the value of any property that is unreturned.  This is not an instance in which the parties must engage in protracted litigation before the Bankruptcy Court's order will have any direct impact in the case.  Although the Bankruptcy Court has not yet determined the exact amount to which Krystal is entitled for any property that is not returned by the Navajo Nation, pursuant to the Bankruptcy Court's order, the Navajo Nation must immediately return any of Krystal's property in its possession and must account for, and then

1  subsequently pay for, any unreturned property; the order has a direct impact.[1]  As such,
2  the Court finds that the Bankruptcy Court's order granting Krystal's motion for summary
3  judgment on its claim for turnover of property is final and thus appealable.
4      The Court notes that the issues presented on appeal by the Navajo Nation extend
5  beyond the issue of whether the Bankruptcy Court appropriately granted Krystal's motion
6  for summary judgment on its claim for turnover of property.  (Dkt. #2, pp. 3-4).  The
7  motion for leave to appeal also raises questions concerning the Bankruptcy Court's
8  jurisdiction and whether the United States is a necessary and indispensable party under
9  the Federal Rules of Civil Procedure; the motion apparently seeks dismissal of all
10 Krystal's adversary claims on those grounds.  (Id.).  However, these issues are not related
11 to the Bankruptcy Court's order granting Krystal's motion for summary judgment on its
12 claim for turnover of property, and thus the Court will not address these issues on
13 interlocutory appeal.  Three counts remain pending before the Bankruptcy Court, and thus
14 that court may still consider whether it possesses jurisdiction and whether the United
15 States is a necessary and indispensable party.  There has been no final judgment regarding
16 those issues and they are not appealable at this time.  This is an interlocutory appeal
17 concerning only the Bankruptcy Court's final judgment as to Krystal's motion for
18 summary judgment on its claim for turnover of property under 11 U.S.C. § 542(a), and
19 thus the Court will consider only that issue on appeal at this time.

**Accordingly,**

**IT IS HEREBY ORDERED** that Krystal's objection to Movant Navajo Nation's motion for leave to appeal is overruled.  (Dkt. #7).

---

[1] Any future dispute between the parties over the exact amount that the Navajo Nation may owe Krystal for any unreturned property is not a subject for interlocutory appeal; that is a matter to be determined by the Bankruptcy Court.  Further, the Court notes that the Navajo Nation apparently did not contest Krystal's valuation of its property, as established in the declarations of Hubert Dayzie and Mark Nicholson.  (Dkt. #7, p.13).

1  **IT IS FURTHER ORDERED** that Movant Navajo Nation's motion for leave to
2  appeal is GRANTED to the extent discussed in this order.  (Dkt. #2).
3  **IT IS FURTHER ORDERED** that the Court's scheduling order (Dkt. #10) is
4  now in effect and will no longer be held in abeyance.  Unless the movant decides to
5  withdraw its interlocutory appeal at this time, the parties must abide by the briefing
6  schedule set forth in the Court's April 18, 2008 scheduling order, with the deadlines for
7  the parties' respective briefs to commence from the date of this order.
8  DATED this 16th day of June, 2008.

_____
Mary H. Murguia
United States District Judge